## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **OLIVER ROY,** | : |
| **as father and next friend of the minor child,** | : |
| **N.R.,** | : |
| **and** | : |
| **N.R., individually** | : |
| **3420 23rd Street, S.E.;** | : |
| **Washington, DC 20020** | : |
| | : |
| **Plaintiff** | : |
| | : |
| **v.** | :     **CIVIL ACTION NO.** |
| | : |
| **GOVERNMENT OF THE DISTRICT OF COLUMBIA** : | |
| **A Municipal Corporation** | : |
| | : |
| **Defendant.** | |
| | |
| **Serve:** | |
| **Robert Spagnoletti,** | |
| **Attorney General** | |
| **District of Columbia** | |
| **441 4th Street, N.W.** | |
| **Washington, DC 20001** | : |
| | : |
| **and** | : |
| | : |
| **Mayor Anthony Williams** | : |
| **Office of the Secretary** | : |
| **1350 Pennsylvania Avenue, N.W.** | : |
| **Washington, DC 20004** | : |

CASE NUMBER  1:06CV02267

JUDGE: Ricardo M. Urbina

DECK TYPE: Civil Rights (non-employm

DATE STAMP: *12 29 2006*

## COMPLAINT

## JURISDICTION

1.      Plaintiff brings this Complaint seeking relief from an adverse decision regarding the

provision of a free appropriate public education, pursuant to the Individuals with

Disabilities Education Improvement Act ("IDEIA"), 20 U.S.C.§§ 1400 *et seq.*  This Court

**RECEIVED**

DEC 1 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*1*

has jurisdiction pursuant to 28 U.S.C.§§ 1331 and 1343; and pendant jurisdiction pursuant to 5 D.C.Mun. Regs.§§ 3000 *et seq.* Declaratory relief is authorized by 28 U.S.C.§§ 2201 and 2202.

2.   Plaintiff is the father of the minor child, N.R., and they have resided in the District of Columbia during the time of the underlying administrative proceedings.

3.   Defendant is a municipal corporation. As one of its governmental functions, Defendant operates the District of Columbia Public Schools System ("DCPS"). DCPS is responsible for affording children with disabilities in the District of Columbia all rights pursuant to IDEA and is responsible for issuing checks in payment of reasonable attorneys' fees and costs incurred by the Plaintiffs in pursuing claims under IDEA.

## FACTS

4.   N.R.. is an eight year-old student at Garfield Elementary School in the District of Columbia.

5.   The student was determined eligible for special education services on February 1, 2005, with a disability classification of speech language impairment ("SLI").

6.   The student's initial individualized education program ("IEP") prescribed the following weekly services: 7.5 hours of specialized instruction and 1 hour of speech therapy.

7.   At the February 1, 2005 MDT meeting, the parent requested independent clinical, neuropsychological, and speech and language evaluations.

8.   The parent filed a due process complaint on February 24, 2005, asserting that DCPS had neither granted the request for evaluations, nor requested a due process hearing to show their evaluations were appropriate.

9.   On April 22, 2005, a Hearing Officer's Determination ("HOD") was issued, allowing the parent to obtain independent evaluations.

10.  As part of the independent evaluations, Dr. William Ling conducted a neuropsychological and a clinical psychological evaluation, including social/emotional and behavior assessments.

11.  Dr. Ling concluded, based on his evaluations, that the student met the criteria for the following disability classifications: speech/language impairment, other health impaired, specific learning disability, and emotional disability.

12.  Ms. Woolery, the Special Education Coordinator at Garfield ES, forwarded the independent neuropsychological/psycho-educational evaluation to school psychologist Ms. Chandrai Jackson-Saunders for her review, but did not forward the clinical evaluation because she claimed she never received it.

13.  The MDT convened on January 31, 2006 to review the independent evaluations. The independent evaluators did not participate in the meeting.

14.  Ms. Jackson-Saunders, reviewed the neuropsychological and psycho-educational evaluation and gave her recommendations at this meeting. She did not see any social/emotional assessments in the evaluations, and concluded that the student's behavior had improved at Garfield and the student did not meet the criteria for emotional disturbance.

15.  At the January 31, 2006 meeting, the MDT reached an impasse because there was disagreement as to whether the student qualified for emotional disturbance.

16.  After several hours, parent's counsel had to leave the meeting to attend another. The

3

parent also left.

17.   Ms. Woolery consulted a DCPS attorney advisor who, not knowing all of the facts,
      indicated that the MDT should proceed and complete the IEP.

18.   Parent's counsel requested to speak with the DCPS attorney, but was denied. After
      leaving the meeting, parent's counsel called the DCPS attorney who, upon hearing all of
      the relevant information, agreed to advise the MDT to not proceed without the parent.

19.   Although the DCPS attorney later advised Ms. Woolery that the IEP could not be
      completed without the parent, the MDT did complete the IEP and implemented it,
      according to the MDT meeting notes.

20.   On February 1, 2006, parent's counsel filed a due process complaint because the MDT
      had proceeded in the parent's absence.

21.   On February 10, 2006, a resolution meeting was convened, and although the parties did
      not reach agreement on the complaint, they did proceed to complete the IEP.

22.   The MDT determined that the student met the criteria for classification of multiple
      disabled for OHI, SLI and learning disability ("LD"), and would receive 17.5 hours of
      specialized instruction, 1 hour of speech therapy, and 1 hour of psychological counseling.

23.   The parent did not approve the IEP and indicated that the student needed a full time
      special education placement.

24.   On March 28, 2006 the due process hearing was convened on the February 1, 2006
      complaint. The hearing was reconvened on April 4, 2006.

25.   On April 4, 2006, the parties entered into an agreement that was incorporated into an
      HOD, which ordered the MDT to reconvene and review the student's evaluations,

4

including the speech/language and clinical psychological, review the disability

classifications, review and revise the student's IEP, and issue a notice of placement.

26. An MDT/IEP meeting was convened on May 10, 2006, with the parent, parent's counsel, and the independent evaluator, Dr. Ling, present.

27. DCPS attempted to meet the requirements of having a general education teacher present by including the student's physical education teacher.

28. Ms. Brenda Stubbs, a DCPS speech pathologist, participated by phone. Ms. Jackson-Saunders, and DCPS clinical psychologist Dr. Ometha Lewis-Jack were not present, but Md. Woolery indicated that they were delayed and would be joining the meeting. The parent was never asked to waive the attendance of any of the professionals.

29. Ms. Stubbs reviewed and agreed with the independent speech/language evaluation. She recommended that the student continue to receive the current amount of services, 1 hour of speech therapy per week.

30. When parent's counsel disagreed with continuing the current amount of services, and began to question Ms. Stubbs, she indicated that she was ill and could no longer participate.

31. After Ms. Stubbs terminated the phone call, parent's counsel indicated that the meeting could not continue because the parent did not waive Ms. Stubbs' presence.

32. Parent's counsel, the parent, and Dr. Ling left the meeting. Dr. Ling did not have an opportunity to share his evaluation results prior to departing.

33. The MDT did not proceed.

34. On May 12, 2006 the parent filed an amended due process complaint, as allowed by the

hearing officer. The hearing was set for June 26, 2006, but was continued to June 27, 2006, and again to August 24, 2006, to meet the needs of the hearing officer.

35.    The parent did not object to reconvening for fear of prejudice by the hearing officer.

36.    Ms. Jackson-Saunders and Dr. Lewis-Jack reviewed the neuropsychological/psycho-educational evaluation, but both claim they were not aware of the clinical psychological evaluation prior to the August 24, 2006 due process hearing, even though parent's counsel included the report in his March 21, 2006 disclosure statement.

37.    The student has been interviewed and accepted at Accotink Academy.

38.    The staff at Accotink have reviewed the student's evaluations and IEP, and based on the diagnosis in the evaluations of ED, they believe it is an appropriate placement for the student.

39.    Accotink Academy has a student teacher ratio of 3 to 1 and offers therapeutic services and a behavior management program.

40.    An HOD was issued on September 18, 2006, ordering that DCPS did not deny the student FAPE and therefore was the prevailing party.

41.    The HOD also required DCPS to review the independent clinical evaluation and convene a MDT/IEP meeting within 15 school days.

## COUNT I

42.    Plaintiff repeats and realleges paragraphs 1 - 41.

43.    Hearing Officer Ruff erred in finding that DCPS did not deny the student FAPE by failing to find the student eligible with multiple disabilities classifications including ED at the February

6

10, 2006, MDT meeting and by providing an inappropriate IEP. The team was obligated to review all current evaluations at that time, including the clinical evaluation which indicated a diagnosis of ED.

## COUNT II

44.    Plaintiff repeats and realleges paragraphs 1 - 43.

45.    Hearing Officer Ruff erred when he found that DCPS did not deny the student FAPE by improperly proceeding with the January 31, 2006 MDT meeting and developing and implementing an IEP without the parent's consent. Although Ms. Woolery testified that the team did not proceed after the parent left the meeting, previous statements, as well as the meeting notes, indicate that the team did proceed and the IEP was implemented.

## COUNT III

46.    Plaintiff repeats and realleges paragraphs 1 - 45.

47.    Hearing Officer Ruff erred in when he found that DCPS did not deny the student FAPE by failing to have proper personnel at the January 31, 2006 MDT meeting. Ms. Jackson-Saunders, a school psychologist, was not qualified to review Dr. Ling's evaluations because she is not a clinical psychologist.

## COUNT IV

48.    Plaintiff repeats and realleges paragraphs 1 - 47.

49.    Hearing Officer Ruff erred in when he found that DCPS did not deny the student FAPE by failing to have proper personnel at the May 10, 2006 MDT meeting. The DCPS speech pathologist left the meeting without the parent's approval, and there was not a clinical psychologist participating in the meeting, nor a general education teacher.

7

## COUNT V

50.    Plaintiff repeats and realleges paragraphs 1 - 49.

51.    Hearing Officer Ruff erred in continuing the March 28, 2006 hearing several times to suit

his personal schedule.  These delays resulted in the decision being issued well beyond the

45 day deadline.  Additionally, the parent was prejudiced by the delays, as parent's

witnesses were not available to listen to and rebut the DCPS witnesses.

**WHEREFORE**, Plaintiff respectfully requests this court to:

1.    Issue a judgment for Plaintiff and against Defendants on all aforementioned

counts;

2.    Order that the 18 September 2006, Hearing Officer's Decision be reversed,

finding a denial of a free, appropriate, public education by DCPS.

3.    Order that DCPS place and fund the student at Accotink Academy for the 2006-

2007 school year.

4.    Order an award of attorneys fees and costs to Plaintiff; and

5.    Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

William E. Houston, Esq.
D.C. Bar No. 450223
Dalton, Dalton, & Houston, P.C.
6303 Little River Turnpike, Suite 310
Alexandria, Virginia 22312-5045
(703) 941-4455 (O)
(703) 642-3101 (F)

8

06-2267
RMU

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Oliver Roy, et al

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 11001
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

Gvt. of D.C.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
WM. Houston
Dalton, Dalton
6303 Little River Turnpike

CASE NUMBER  1:06CV02267

JUDGE: Ricardo M. Urbina

DECK TYPE: Civil Rights (non-employm...

DATE STAMP: 12 29 2006

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF...

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust

☐ 410 Antitrust

### ☐ B. Personal Injury/ Malpractice

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

— 0 —

| ☐ G. *Habeas Corpus/* *2255* | ☐ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student<br>Loans (excluding veterans) |

| ☐ K. *Labor/ERISA* *(non-employment)* | ☐ L. *Other Civil Rights* *(non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>⊗ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting<br>Rights Act) |

**ⓧ ORIGIN**

| ⊗ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ Multi district Litigation | ☐ 7 Appeal to District Court from Mag. Judge |
|---|---|---|---|---|---|---|

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

20 USC 1400 (IDEA)

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS<br>☐   ACTION UNDER F.R.C.P. 23 | **DEMAND $** | Check YES only if demanded in complaint<br>**JURY DEMAND:** ☐ YES   ⊗ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    ☐ YES   ☐ NO    If yes, please complete related case form.

DATE 12.29.06    SIGNATURE OF ATTORNEY OF RECORD    NCD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**

Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd